ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 4 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| EDDIE RAY JORDAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0370-N |
| | § | |
| COMEDY CENTRAL NETWORK, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Plaintiff Eddie Ray Jordan, an inmate in the TDCJ-ID, against the Comedy Central Network and Wal-Mart Stores, Inc. On February 11, 2005, plaintiff filed a form complaint and an application to proceed *in forma pauperis*. After reviewing the pleadings, the court determines that plaintiff should not be allowed to proceed *in forma pauperis* because he has filed at least three prior civil actions that were dismissed as frivolous and he is not "under imminent danger of serious physical injury." In addition, plaintiff should be barred from filing any future civil actions without first obtaining permission from a United States circuit, district, or magistrate judge and sanctioned in the amount of $100.00 for abuse of the judicial process.

II.

Plaintiff alleges that the Comedy Central Network is responsible for racial violence by airing an episode of *Mad TV* on January 29, 2005. After this program was shown on television, plaintiff states that an African-American customer was beaten at a Wal-Mart Store. By this suit, plaintiff seeks $135 million in damages and an order requiring the Comedy Central Network to withdraw the show.

A.

A prisoner may not proceed *in forma pauperis* if he has filed three or more civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). This prohibition applies to suits dismissed on any of those grounds prior to the effective date of the Prison Litigation Reform Act. *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996). The only exception is for cases where the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

B.

Plaintiff was allowed to proceed *in forma pauperis* in four prior civil actions while incarcerated. All four cases were dismissed as frivolous under 28 U.S.C. § 1915(e). *Jordan v. Hudson*, No. 5-99-CV-0281 (N.D. Tex. Oct. 25, 1999); *Jordan v. Cornyn, et al.*, No. 5-99-CV-0284 (N.D. Tex. Oct. 25, 1999); *Jordan v. Bush*, No. 5-99-CV-0285 (N.D. Tex. Oct. 21, 1999); *Jordan v. Pataki*, No. 5-99-CV-0288 (N.D. Tex. Oct. 21, 1999). As a result, plaintiff cannot proceed *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Earlier this year, plaintiff filed a similar lawsuit against the executive producers of the NBC television network and several on-air personalities alleging that defendants "humiliated and harassed

[him] and all other drag queen gays on national T.V. in front of millions of people." In denying leave to proceed *in forma pauperis* and dismissing the case as frivolous, the district court wrote, "Most assuredly these complaints do not demonstrate that Plaintiff was under 'imminent danger of serious physical injury' at the time he filed his complaint, and he has offered no evidence that he was under 'imminent danger of serious physical injury.'" *Jordan v. NBC's Executive Producers, et al.*, No. 5-05-CV-0014 (N.D. Tex. Jan. 20, 2005), op. at 3. Such is the case here. Plaintiff does not allege, much less prove, that he is under "imminent danger of serious physical injury" as a result of watching a television program. Consequently, plaintiff is barred from proceeding *in forma pauperis* in this case.

### III.

A court has an obligation to protect the orderly administration of justice and can issue an injunction to discharge that duty. *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985). Sanctions also are appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *In re Green*, 669 F.2d 779, 787 (D.C. Cir. 1981). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees-- indeed, *are not entitled to sue and appeal, period.*" *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) (emphasis added). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See generally, McCampbell v. KPMG Peat Marwick*, 982 F.Supp. 445, 448-49 (N.D. Tex. 1997) (discussing sanctions available to deter and punish *pro se* litigants for abusing the judicial system by filing multiple frivolous lawsuits). The range of appropriate sanctions depends on the unique circumstances of each case. *Id.* at 447.

Plaintiff already has been sanctioned by another judge in this district for filing multiple frivolous lawsuits. As recently as January 20, 2005, Judge Sam Cummings warned:

> [I]f [plaintiff] continues to abuse the judicial system by filing applications to proceed *in forma pauperis* without demonstrating that he is under imminent danger of serious physical injury at the time of filing the complaint or filing complaints that are frivolous and fail to state a claim, additional sanctions may be imposed, which may include the dismissal of his complaint with prejudice or a complete bar to filing any civil rights complaints without permission from a United States District Judge or a Circuit Judge on the Fifth Circuit Court of Appeals.

*Jordan v. NBC's Executive Producers, et al.*, No. 5-05-CV-0014 (N.D. Tex. Jan. 20, 2005), op. at 5. On February 11, 2005, just three weeks after this order was entered, plaintiff filed *three more* cases in federal district court.[1] It is apparent from the pleadings in all three cases that the claims are frivolous. Therefore, plaintiff should be barred from filing any future civil actions without first obtaining permission from a United States circuit, district, or magistrate judge and sanctioned in the amount of $100.00. Plaintiff should be required to pay this sanction to the district clerk before he even can seek leave of court to file any other lawsuits in this district. *See Saunders v. Bush*, 15 F.3d 64, 68 (5th Cir.), *cert. denied*, 114 S.Ct. 2678 (1994) (district court did not abuse discretion in imposing monetary sanctions against *pro se* litigant after prior warning); *Scott v. Sims*, 2004 WL 2203249 at *3 (N.D. Tex. Sept. 29, 2004), *rec. adopted*, 2004 WL 2402532 (N.D. Tex. Oct. 26, 2004) (requiring *pro se* litigant who filed 26 civil actions over three year period to pay $1,000 sanction before seeking leave to file any other lawsuits).

## RECOMMENDATION

Plaintiff's motion for leave to file a civil action *in forma pauperis* should be denied and this case should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] In addition to the instant case, plaintiff tendered complaints in *Jordan v. Fox Network, et al.*, No. 3-05-CV-0371 and *Jordan v. NBC, et al.*, No. 3-05-CV-0372.

In addition, plaintiff should be barred from filing any future civil actions without first obtaining permission from a United States circuit, district, or magistrate judge and sanctioned in the amount of $100.00. Plaintiff should be required to pay this sanction to the district clerk before he even can seek leave of court to file any other lawsuits in this district.

DATED: March 4, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE